UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

SUSAN BROOKS,

     Plaintiff,

                                      Case Number _____

v.

PEER REVIEW MEDIATION
AND ARBITRATION, INC. &
WILLIS B. HALE, Individually.

     Defendants.

_____/

**COMPLAINT**

1.      The Plaintiff, Susan Brooks ("Brooks"), sues Peer Review Mediation and Arbitration, Inc. ("PRMA") and Wills B. Hale ("Hale") (collectively referred to as "Defendants") for discrimination in violation of § 510 of ERISA,  for violation of the minimum wage provisions of the Fair Labor Standards Act as amended, 29 U.S.C. §201, et seq. ("FLSA"), and for declaratory relief.

**Jurisdiction**

2.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 as these claims are brought pursuant to 29 U.S.C. § 1140, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 2201-2202.

**Parties**

3.      Plaintiff, Brooks, is a resident of Broward County, Florida, and at all times material hereto, was an employee of Defendants.

4.      At all times material hereto, PRMA was and continues to be a Florida profit corporation engaged in business in Broward County, Florida and throughout the United States and was the employer of Brooks.

5.      At all times material hereto, Hale was and is an individual resident of the State of Florida. Hale is an officer of PRMA who hired Brooks, supervised her, and then fired her. Hale also determined the work schedules of PRMA employees and controlled the finances and operations of PRMA and was thus Brooks' employer within the meaning of the FLSA and ERISA.

6.      At all times material hereto, Brooks was "engaged in commerce" within the meaning of §6 and §7 of the FLSA because she regularly used the channels of commerce and communicated across state lines in the performance of her job responsibilities.

7.      At all times material hereto, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

8.      Based upon information and belief the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

9.      At all times material hereto, the work performed by Brooks was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

10.     Plaintiff was hired by Defendants in or around January 2005 as a non-exempt data entry employee for Defendants' national physician and medical expert consulting firm. Brooks' job duties included contacting physicians and medical experts

throughout the United States and entering information about their credentials into Defendants' database.

11.     Defendants provided Brooks with health insurance as part of their employee benefit plan.

12.     In approximately November 2010, Brooks complained to Defendants after learning that her health insurance premiums, and consequently, her medical bills were not being paid. She complained a second time two weeks later.

13.     Brooks was fired in December 2010 because of her complaints and due to the cost of her insurance.

14.     Defendants also failed to pay Brooks proper wages because they withheld three (3) paychecks from Brooks for wages earned during her employment which resulted in a violation of the minimum wage provisions of the FLSA.

15.     Defendants withheld Brooks' final paycheck because of her complaints about Defendants' negligence in administering its employee benefits plan.

**COUNT I:**
**Discrimination in Violation of § 510 of ERISA**

16.     Plaintiff realleges and incorporates paragraphs 1 through 15 of the Complaint as if fully set forth herein.

17.     Defendants provided Brooks an employee welfare plan as defined by 29 U.S.C. § 1002(a), specifically health insurance.

18.     Defendants failed, refused and/or neglected to timely pay their insurance premium; as a result Brooks incurred medical expenses.

3

19.   In approximately November 2010, Brooks complained to Defendants that they were negligent in their administration of their employee benefit plan. She complained again a few weeks later.

20.   Defendants discriminated and discharged Brooks for exercising her right for medical care under Defendant's employee benefit plan.

21.   Defendants interfered with Brooks' right to medical care through her insurance policy.

22.   In December 2010 Defendants fired Brooks and withheld her final paycheck in violation of 29 U.S.C. § 1140.

23.   Defendants also had a duty to provide notice that Brooks was entitled to COBRA, but failed to do so in violation of 29 U.S.C. § 1132(c).

Wherefore Brooks demands equitable relief namely payment of her medical bills, statutory damages, reinstatement, back pay as well as attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g).

## COUNT II:
### Violation of the Minimum Wage Provisions of the FLSA

24.   Brooks realleges and incorporates paragraphs 1 through 15 of the Complaint as if fully set forth herein.

25.   Brooks was entitled to be paid minimum wage for each hour she worked during her employment with Defendants.

26.   Defendants have failed to pay Brooks minimum wage for each hour she worked because it withheld three (3) of her paychecks.

27.     Prior to the filing of this lawsuit, Brooks demanded that Defendants pay her pursuant to the FLSA. Notwithstanding this effort, however, Defendants refused to respond.

28.     Defendants have specific knowledge that by withholding Brooks paychecks, Brooks was not being paid proper minimum wage for her work under the FLSA.

29.     Defendants' violation of 29 U.S.C. § 206 was willful.

30.     As a direct and proximate result of Defendants' deliberate underpayment of wages, Brooks has been damaged by a loss of wages for one or more weeks of work.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, and additional and equal amount of liquidated damages, reasonable attorneys' fees and costs, and any further relief this Court deems just.

## COUNT III:
### Declaratory Relief

31.     Brooks reincorporates and realleges the allegations in paragraphs 1 through 30 of the Complaint as if fully set forth herein.

32.     Brooks has asserted claims under the FLSA and ERISA which this Court has jurisdiction to hear under 28 U.S.C. § 1331.

33.     The Court also has jurisdiction to hear Plaintiff's request for declaratory relief under 28 U.S.C. §§ 2201-2202.

34.     Brooks may obtain declaratory relief in this case as:

a.      Brooks was an employee of Defendants as envisioned by both the FLSA and ERISA;

b.      Brooks was individually covered under the FLSA;

5

c.          Defendants were and are a covered enterprise under the FLSA;

d.          Defendants failed to pay Brooks proper minimum wage;

e.          Defendants discriminated and retaliated against Brooks for asserting her rights under ERISA;

f.          Defendants violations of both the FLSA and ERISA were willful; and

g.          Brooks suffered damages as a result of Defendants' violations of the FLSA and ERISA.

35.    It is in the public interest to have a declaration of Brooks' rights recorded.

36.    A declaratory judgment will serve the useful purpose of clarifying and settling legal relations at issue.

37.    A declaratory judgment will afford relief from the uncertainty, insecurity and controversy that gave rise to this proceeding.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 25 day of July 2011,

Christina J. Thomas
Florida Bar Number 74846
Morgan & Morgan
6824 Griffin Rd.
Davie, FL 33314
Tel – (954)318-0268
Email – CThomas@forthepeople.com