UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61630-CIV-COHN/SELTZER

SUSAN BROOKS,

    Plaintiff,

vs.

PEER REVIEW MEDIATION AND
ARBITRATION, INC., and
WILLIS B. HALE, individually,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## PLAINTIFF'S MOTIONS FOR ATTORNEY'S FEES AND COSTS

**THIS CAUSE** is before the Court upon Plaintiff's Notice of Filing Bill of Costs [DE 71] and Plaintiff's Post-Verdict Motion for Attorney's Fees and Costs [DE 72] (together, "Motions"). Despite having been granted an extension of time to respond to the Motions, Defendants have not done so.[1] Nevertheless, the Court has carefully reviewed the Motions and is otherwise fully advised in the premises.

**I.**    **Background**

This case involves claims by Plaintiff Susan Brooks that her former employers, Defendants Peer Review Mediation and Arbitration, Inc., and Willis B. Hale, violated Plaintiff's rights under the Employee Retirement Income Security Act ("ERISA") and the Fair Labor Standards Act ("FLSA"). Following a three-day trial in June 2012, the jury

---

[1] On October 5, 2012, the Court issued an Order to Show Cause noting that Defendants had not timely responded to the Motions and requiring Defendants to respond by October 12, 2012. See DE 73. In response to that Order, Defendants requested an extension to time, until October 19, 2012, to respond to the Motions. See DE 74. Although the Court granted this extension, see DE 75, Defendants still have not responded to the Motions.

returned a verdict in Plaintiff's favor on her ERISA claims, awarding her compensatory damages of $1,758.32.  See DE 57.  The jury found in Defendants' favor on Plaintiff's FLSA claim.  See id.  Based on a proposed judgment agreed to by the parties, see DE 69, the Court entered a Final Judgment consistent with the jury's verdict.  See DE 70.  The Judgment provided that "[p]ursuant to 29 U.S.C. § 1132(g), Plaintiff is entitled to recover her reasonable attorney's fees and costs with respect to her ERISA claims."  Id. at 2, ¶ 3.  The Court further directed the parties to submit any motions for attorney's fees or costs in accordance with Local Rule 7.3.  See id. at 2, ¶ 4.

Plaintiff now moves for an award of fees and costs.  Plaintiff's request for attorney's fees is based on 113.7 hours of work by attorney Christina J. Thomas at a rate of $300 per hour and 10.5 hours of work by attorney Bernard R. Mazaheri at an hourly rate of $350.  Plaintiff has reduced this request by twenty-five percent, the estimated percentage of time counsel spent litigating Plaintiff's separate FLSA claim.  Plaintiff also requests reimbursement of various litigation costs.  In total, Plaintiff seeks to recover $28,338.75 in attorney's fees and $2,732.18 in costs.[2]

## II.     Discussion

### A.     Legal Standards

In an ERISA action brought by a participant or beneficiary of an employee-benefit plan, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."  29 U.S.C. § 1132(g)(1).  To be eligible for an award of fees or costs under this provision, the claimant "need not be a 'prevailing party'" but "must show 'some degree of success on the merits.'"  Hardt v. Reliance Standard Life Ins. Co.,

---

[2] Plaintiff's Motion for Attorney's Fees and Costs requests $2,732.78 in costs, but the expenses listed in Plaintiff's Bill of Costs total $2,732.18.

130 S. Ct. 2149, 2156, 2158 (2010) (quoting Ruckelshaus v. Sierra Club, 463 U.S. 680, 694 (1983)).  Further, the Eleventh Circuit has directed courts to consider five factors in deciding whether to award attorney's fees under § 1132(g)(1):

1. the degree of the opposing parties' culpability or bad faith;

2. the ability of the opposing parties to satisfy an award of attorney's fees;

3. whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances;

4. whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and

5. the relative merits of the parties' positions.

See Byars v. Coca-Cola Co., 517 F.3d 1256, 1268 (11th Cir. 2008).[3]  A court must take these guidelines into account in determining whether to award fees but is not required to specifically address all of the factors.  See id. at 1268-69.

If a court finds it appropriate to award attorney's fees, the court then must determine what amount of fees is reasonable.  See 29 U.S.C. § 1132(g)(1); Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  To determine a reasonable fee award, "the court

---

[3] In Hardt, the Supreme Court held that "these five factors bear no obvious relation to § 1132(g)(1)'s text or to our fee-shifting jurisprudence" and therefore "are not required for channeling a court's discretion when awarding fees under this section." 130 S. Ct. at 2158.  The Court, however, did "not foreclose the possibility" that a court may consider these factors once a claimant has shown some success on the merits. Id. at 2158 n.8.  Moreover, after Hardt, the Eleventh Circuit and district courts have continued to apply these five factors.  See Cross v. Quality Mgmt. Grp., LLC, No. 11-15146, 2012 WL 4465227, at *2 (11th Cir. Sept. 27, 2012) (per curiam) (explaining that Hardt "allowed for the application of the five factors before a district court ultimately determined a party's entitlement to fees"), aff'g No. 10-60698-CIV, 2011 WL 4478505 (S.D. Fla. Sept. 26, 2011); Olds v. Ret. Plan of Int'l Paper Co., No. 09-0192-WS-N, 2011 WL 2160264, at *4 (S.D. Ala. June 1, 2011) (agreeing with other courts that the five factors "retain currency in the post-Hardt world").

must multiply the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services." Ass'n of Disabled Ams. v. Neptune Designs, Inc., 469 F.3d 1357, 1359 (11th Cir. 2006) (per curiam) (citing Hensley, 461 U.S. at 433-34; Norman v. Hous. Auth., 836 F.2d 1292, 1299 (11th Cir. 1988)).  The court may then adjust the fee award "based on a variety of factors." Id. (citing Hensley, 461 U.S. at 435-36).[4]

A party who succeeds on the merits of an ERISA claim may also recover "costs of [the] action." 29 U.S.C. § 1132(g)(1); see Hardt, 130 S. Ct. at 2152.  "Costs allowed under ERISA are the same costs that are permitted under 28 U.S.C. § 1920." Cline v. Home Quality Mgmt., Inc., No. 01-9016-CIV-MOORE, 2005 WL 1972539, at *5 (S.D. Fla. July 26, 2005) (citing Agredano v. Mut. of Omaha Cos., 75 F.3d 541, 544 (9th Cir. 1996)).  Section 1920 allows taxation of the following costs:  (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and distributions for printing and witnesses; (4) fees for exemplification and copies of materials necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services.  See 28 U.S.C. § 1920.

---

[4] These factors, first articulated by the former Fifth Circuit in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), include "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Ass'n of Disabled Ams., 469 F.3d at 1359 n.1.

### B.     Entitlement to Fees and Costs

In determining whether to award Plaintiff attorney's fees and costs, the Court initially notes that the Final Judgment provided for such an award:  "Pursuant to 29 U.S.C. § 1132(g), Plaintiff is entitled to recover her reasonable attorney's fees and costs with respect to her ERISA claims."  DE 70 at 2, ¶ 3.  This provision was based on similar language that the parties included in their agreed-upon proposed judgment.  See DE 69-1 at 2, ¶ 5.  The Court construed this language as an agreement by the parties that Plaintiff was entitled to recover attorney's fees and costs for her ERISA claims and that any further proceedings would be limited to the amount of those fees and costs.  More, while Plaintiff's Motion for Attorney's Fees and Costs states that Defendants oppose the Motion, see DE 72 at 9, Defendants have not filed a written response objecting to Plaintiff's request for fees and costs.

Nevertheless, based on the legal standards discussed above, the Court finds that Plaintiff is entitled to recover attorney's fees and costs.  The jury found in Plaintiff's favor on her ERISA claims and awarded her compensatory damages of $1,758.32.  This award, while not large, shows that Plaintiff achieved "some degree of success on the merits."  Hardt, 130 S. Ct. at 2158 (internal quotation marks omitted).  Further, most of the factors identified by the Eleventh Circuit support an award of fees here.  Plaintiff's ERISA claims were based on allegations that (1) Defendants deducted health-insurance premiums from Plaintiff's paychecks but did not pay those premiums to the company's health-insurance provider, thereby depriving Plaintiff of health coverage; and (2) Defendants terminated Plaintiff in retaliation for her complaints to management about this issue.  Although the jury did not make separate findings on these two theories, see DE 57, both support an inference of serious culpability or bad faith by

5

Defendants.  See Byars, 517 F.3d at 1268.  Also, based on the evidence presented at trial, the Court finds that Defendants—a consulting firm and its principal—can satisfy an award of attorney's fees in this case.  See id.  The Court further concludes that requiring Defendants to pay Plaintiff's attorney's fees would deter other employers from engaging in similar illegal conduct toward their employees.  See id.  And while Plaintiff's claims did not involve other plan participants or significant legal issues, the jury heard the evidence in this case and determined that Plaintiff's ERISA claims against Defendants were meritorious.  See id.

### C. Reasonableness of Fee Award

In assessing the reasonableness of Plaintiff's attorney's fee request, the Court first considers the hourly rates charged by Plaintiff's counsel.  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  Norman, 836 F.2d at 1299.  A fee claimant bears the burden of demonstrating with satisfactory evidence that counsel's rates are reasonable:

> Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits.  Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate.  Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence.

Id. (citations omitted).  But even if the claimant has not produced satisfactory evidence, "[t]he court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."  Id. at 1303 (internal quotation marks omitted).

6

As noted above, Plaintiff's fee request is based on hourly rates of $300 for Christina J. Thomas and $350 for Bernard R. Mazaheri.  Other than counsel's own opinions that their hourly rates are reasonable, however, the only evidence Plaintiff cites to support these rates is a February 2011 Florida Bar survey indicating that forty-five percent of South Florida attorneys charge at least $250 an hour for their services.  See DE 72 at 4.  This general information, though, provides no evidence about the rates charged in similar lawsuits by counsel with comparable ability and experience.  See Norman, 836 F.2d at 1299.

Nonetheless, based on the Court's familiarity with the rates charged by attorneys in the Southern District of Florida, the Court finds that the hourly rates of both of Plaintiff's lawyers are reasonable.  Plaintiff's fees motion and supporting affidavits reflect that Ms. Thomas has practiced labor and employment law for about three years and that Mr. Mazaheri has practiced for about nine years, mainly in the labor and employment field.  Despite their limited years of experience, both attorneys have litigated numerous labor and employment cases and are active in labor and employment bar organizations, including speaking engagements and publishing credits.  Further, in representing Plaintiff at trial, Ms. Thomas demonstrated impressive advocacy skills.  Although the Court finds that both the $300 hourly rate for Ms. Thomas and the $350 rate for Mr. Mazaheri are on the high end of reasonable, these rates are not significantly out of line with rates approved in other ERISA cases.  See, e.g., Smith v. Reliance Standard Life Ins. Co., No. 03-61274-CIV-ZLOCH, 2004 WL 2980683, at *3 (S.D. Fla. Nov. 10, 2004) (approving hourly rate of $300).  Defendants, moreover, have not filed a response challenging these rates as unreasonable.

The Court next considers the number of hours reasonably expended on the litigation of Plaintiff's ERISA claims.  Having carefully reviewed counsel's billing records, see DE 72-4 at 1-7, the Court finds that all of the time entries are reasonable for the tasks performed and that the work was necessary to represent Plaintiff in this case.  See Norman, 836 F.2d at 1301 (emphasizing that counsel must exercise "billing judgment" by "[e]xcluding excessive or otherwise unnecessary hours").  Accordingly, subject to the adjustment discussed below, the Court will award Plaintiff attorney's fees for 113.7 hours of work by Ms. Thomas and 10.5 hours of work by Mr. Mazaheri.

### D. Adjustment to Fee Award

Plaintiff's fee request includes a twenty-five percent reduction for time that counsel spent litigating Plaintiff's separate FLSA claim.  Based on the records submitted by counsel, as well as the Court's experience with this case, the Court finds that this reduction reasonably accounts for the time that counsel spent on the non-ERISA claim.  The Court will therefore reduce the fee award by twenty-five percent.  Although the Court has considered the various Johnson factors, see supra note 4, the Court declines to make any other adjustments to the fee award.  Consistent with the foregoing findings, the Court awards Plaintiff attorney's fees of $28,338.75.

### E. Recoverable Costs

Attached to Plaintiff's Bill of Costs are (1) an affidavit describing various litigation costs that Plaintiff incurred, accompanied by documents supporting those costs, see DE 71-3–71-14; and (2) a computer-generated "Case Expense Report" that apparently includes these same costs, as well as other charges not discussed in the affidavit.  See DE 71-2.  The costs listed in the affidavit total $2,215.90 and include charges associated with depositions, the filing fee in this case, service fees for

summonses and a trial subpoena, and Plaintiff's share of the mediation costs.  Having carefully reviewed the affidavit and supporting documents, the Court finds that most of the costs detailed therein are recoverable under 28 U.S.C. § 1920.  The following costs, however, are not taxable against Defendants:

- Plaintiff may not recover $137.00 in optional charges associated with depositions —such as shipping, CDs, and exhibits—because she has not shown that those items were necessary rather than merely convenient.[5]

- The $60.00 "Rush Fee" incurred in the service of Marc Combs's trial subpoena is not recoverable because the total service charge far exceeds $55.00, the standard hourly rate that the U.S. Marshals Service charges for serving a document, and Plaintiff has not explained why expedited service was necessary.[6]

- Plaintiff may not seek reimbursement for her $350.00 share of the mediation costs because § 1920 does not authorize recovery of those costs.[7]

The additional costs listed in the Case Expense Report likewise include charges that are not taxable under § 1920, such as postage and online research.[8]  And while the report lists some costs that could be recoverable, such as photocopies and printing, the report does not provide sufficient detail about those charges for the Court to determine whether they were necessary and reasonable.[9]  Thus, except for the taxable costs that

---

[5] See 28 U.S.C. § 1920(2); Davis v. United States, 2010 WL 3835613, at *4-*5 (S.D. Fla. Sept. 7, 2010); Univ. of Miami v. Intuitive Surgical, Inc., 2007 WL 781912, at *1 (S.D. Fla. Mar. 13, 2007); DE 71-4 at 2; DE 71-5 at 2; DE 71-8 at 2.

[6] See 28 U.S.C. § 1921(b); 28 C.F.R. § 0.114(a)(3); EEOC v. W&O, Inc., 213 F.3d 600, 624 (11th Cir. 2000); DE 71-12 at 2.

[7] See Smith, 2004 WL 2980683, at *3; DE 71-13 at 2.

[8] See Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996) (per curiam); DE 71-2.

[9] See Monelus v. Tocodrian, Inc., 609 F. Supp. 2d 1328, 1336 (S.D. Fla. 2009); DE 71-2.

are also included in the affidavit, the Court will not award Plaintiff any of the costs listed in the Case Expense Report.  In sum, Plaintiff may recover costs totaling $1,668.90.[10]

### III.  Conclusion

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Notice of Filing Bill of Costs [DE 71] and Plaintiff's Post-Verdict Motion for Attorney's Fees and Costs [DE 72] are hereby **GRANTED IN PART and DENIED IN PART;**

2. Plaintiff is awarded $28,338.75 in attorney's fees and $1,668.90 in costs; and

3. The Court will enter a separate final judgment taxing fees and costs in the amount of $30,007.65.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6th day of November, 2012.

JAMES I. COHN
United States District Judge

Copies to:

Counsel of record via CM/ECF

---

[10] Although the Court reduced Plaintiff's fee award by twenty-five percent to account for her FLSA claim, the Court will not similarly reduce Plaintiff's recovery of costs.  It appears that Plaintiff would have incurred the taxable costs for her ERISA claims even if she had not also brought an FLSA claim.